IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KE YI KE ER SHENZHEN TOYS CO., LTD. dba MIAIO TOYS, an unknown Chinese business entity,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [5] MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:23-cv-00311-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is DP Creations, LLC dba Bountiful Baby's (Plaintiff) *ex parte* Motion for Alternative Service (ECF 5) (Motion). Plaintiff seeks to serve Defendant Ke Yi Ke Er Shenzhen Toys Co., Ltd. dba Miaio Toys (Defendant) via email under Federal Rule of Civil Procedure 4(f)(3). For the reasons set forth below, the court GRANTS the Motion.

BACKGROUND

Plaintiff manufactures and sells its copyrighted reborn doll kits and supplies on its website www.BountifulBaby.com (ECF 2 at ¶ 10). Defendant is a Chinese business entity that makes and sells doll sculptures on Amazon.com (Amazon) (*id.* at ¶¶ 3, 5). After Plaintiff learned of Defendant's alleged counterfeiting, Plaintiff submitted an infringement notification to Amazon (ECF 5 at 2). On April 24, 2023, Defendant responded by filing a counter-notice, which allows Amazon to repost the alleged counterfeit materials unless Plaintiff files a federal complaint within ten days of infringement (*id.*). In its counter-notice, Defendant consented to federal jurisdiction and to accept service of process (*id.*). According to Plaintiff, Defendant also provided Amazon the following contact information: (1) Legal name: Shaoru Chen; (2) Business name: Ke Yi Ke Er

Shenzhen Toys Co., Ltd. Dba Miaio Toys; (3) Email: 445013509@qq.com; (4) Phone number: 13450434131; and (5) Address: No. 34 Xiangyin Road, Nanlian Community, Longgang Street, Building 4 301, Shenzhen, Guangdong, 518400, China (ECF 2 at ¶ 5).

On May 11, 2023, Plaintiff initiated this copyright infringement action against Defendant (ECF 2). On June 6, 2023, Plaintiff filed the instant Motion requesting leave to serve Defendant via email (ECF 5). In support of this request, Plaintiff asserts that service on Defendant via email comports with due process and is not prohibited by international agreement (*id.* at 3–7). Plaintiff has not attempted to serve Defendant by other means but contends that Rule 4(f)(3) does not require prior attempts of service before seeking service by email (*id.* at 7).[1]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4(h)(2) governs service of process on foreign corporations and states that foreign corporations may be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(1) allows service "by any internationally agreed means of service. . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." If there is no internationally agreed means of service, an individual in a foreign country may be served under either Rule 4(f)(2) or 4(f)(3). Fed. R. Civ. P. 4(f). Subsection (f)(2) permits alternative service when it is "reasonably calculated to give notice" through legally prescribed methods such as the foreign country's service laws or other methods not prohibited by the country. Fed. R. Civ. P. 4(f)(2). Subsection (f)(3) permits service

---

[1] Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3). *See Love-Less Ash Co., Inc. v. Asia P. Constr., LLC*, No. 2:18-cv-00595-CW-DAO, 2021 WL 3679971, at *2 (D. Utah Aug. 19, 2021) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Service under Rule 4(f)(3) has two requirements: (1) it "must comport with constitutional notions of due process," and (2) "must not be prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The first requirement requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The Tenth Circuit has held that the relevant inquiry under the second requirement is whether an international agreement like the Hague Convention prohibits the requested method of service. *DP Creations, LLC v. Jiaheng*, No. 2:22-cv-772 TC DBP, 2023 WL 318259, at *1–2 (D. Utah Jan. 19, 2023) (citing *Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020)). Ultimately, the decision to order service of process under Rule 4(f)(3) "is committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012)).

## DISCUSSION

Plaintiff asks the court to grant alternative service by emailing the complaint and summons to Defendant. Service of process through email meets the first requirement of Rule 4(f)(3) because it comports with constitutional notions of due process. Courts have found that the service of process through email is reasonably calculated to provide a party with notice of an action and an opportunity to respond. *See, e.g.*, *DP Creations*, 2023 WL 318259, at *2 (holding email service comports with due process when Defendant provided Amazon with its email address in response

3

to its infringement notification); *Rio Props.*, 284 F.3d at 1017 (concluding "[w]ithout hesitation" that service of process by email met constitutional due process requirements).

Here, service by email is likely to provide notice to Defendant of this case. Defendant provided Amazon with its email address and agreed to accept service of process. Defendant is an online seller and likely relies on electronic communications to communicate with customers, domain registrars, and web hosts through electronic communications. *See DP Creations*, 2021 WL 11585915 at *8 (concluding that because Defendants were e-commerce and foreign-based companies, service of process by email was likely "the only means of effecting service of process" (quoting *Rio Props.*, 284 F.3d at 1018)). Email service would thus promptly notify Defendant of the pending action. Accordingly, service via Defendant's email address complies with due process as required by Rule 4(f)(3).

Service of process via email also satisfies the second requirement of Rule 4(f)(3) because international agreements do not prohibit service by email. Courts applying Rule 4(f)(3) "look to whether the Hague Service Convention prohibits the method of service requested." *Neck Hammock, Inc v. Danezen.com*, No. 2:20-cv-287-DAK-DBP, 2020 WL 6364598, at *4 (D. Utah Oct. 29, 2020). This court has determined that the Hague Convention does not expressly prohibit email service and that it complies with the second requirement of Rule 4(f)(3). *See id.* at *4–5 (concluding that "email service is not prohibited by international agreement," even though China objected to service by postal channels under Article 10 of the Hague Convention). For these reasons, the court concludes that Plaintiff's requested method of service via email complies with the requirements for service under Rule 4(f)(3). Although service of process by email comports with due process, an additional safeguard should be put in place to ensure due process. Specifically, Plaintiff must also effect service via certified mail to Defendant's mailing address.

4

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

(A)  The Motion is GRANTED.

(B)  Plaintiff is permitted to effect service of its Complaint to Defendant Ke Yi Ke Er Shenzhen Toys Co., Ltd. via email to 445013509@qq.com and via certified mail to No. 34 Xiangyin Road, Nanlian Community, Longgang Street, Building 4 301, Shenzhen, Guangdong, 518400, China.

(C)  Service of the Complaint will be complete once Plaintiff receives confirmation that the Complaint has been sent to the recipient.

(D)  Plaintiff shall provide the court with any indication that email or mail sent to Defendant are returned or otherwise not received.

(E)  A copy of this order must be served with the Complaint.

IT IS SO ORDERED.

DATED this 18 September 2023.

Cecilia M. Romero
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah