IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KE YI KE ER SHENZHEN TOYS CO., LTD., dba MIAIO TOYS, an unknown Chinese business entity,<br><br>Defendant. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION TO DISMISS**<br><br>Case No. 2:23-cv-311-TC-CMR<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

Before the court is a motion to dismiss for lack of personal jurisdiction filed by Defendant Ke Yi Ke Er Shenzhen Toys Co., Ltd., dba Miaio Toys (Ke Yi) (ECF No. 9). For the following reasons, the court grants the motion and dismisses this action without prejudice.

## BACKGROUND

Plaintiff DP Creations, LLC dba Bountiful Baby (Bountiful Baby) makes lifelike baby dolls. Ke Yi is a small business located in Shenzhen, China, that also manufactures lifelike baby dolls and sells those dolls to buyers in the United States through Amazon.com. Bountiful Baby asserts one cause of action against Ke Yi for copyright infringement. (Complaint, ECF No. 2 at ¶¶ 13–21.) Although Ke Yi disputes that its products infringe Bountiful Baby's designs, the only issue currently before the court is whether this court may exercise personal jurisdiction over the defendant. Ke Yi maintains that it does not have the minimum contacts with Utah necessary

1

for specific personal jurisdiction and that is has never consented to jurisdiction in this court.

## ANALYSIS

Bountiful Baby alleges that jurisdiction is proper because Ke Yi's actions were targeted to cause commercial injury to Bountiful Baby in this district and because Ke Yi placed allegedly infringing products into the stream of commerce with the knowledge or understanding that such products are sold in this judicial district. (ECF No. 2 at ¶ 8.) These allegations are insufficient to establish general or specific personal jurisdiction over Ke Yi because the court finds that the company's only connection with Utah arises out of this lawsuit, and "a connection with the forum initiated by the Plaintiff or arising from the Plaintiff's place of residence … does not satisfy the purposeful availment requirement" for specific personal jurisdiction. First Mortg. Corp. v. State St. Bank & Tr. Co., 173 F. Supp. 2d 1167, 1174 (D. Utah 2001) (cleaned up).

Nevertheless, Bountiful Baby asserts that the court may exercise jurisdiction over Ke Yi for two reasons: 1) Ke Yi consented to jurisdiction in Utah when it submitted a counter-notification to Amazon in response to Bountiful Baby's infringement notices; and, alternatively, 2) Rule 4(k) of the Federal Rules of Civil Procedure allows the court to exercise jurisdiction over a foreign company in these circumstances.

Bountiful Baby presents the court with a copy of the counter-notification that Ke Yi submitted to Amazon. (Complaint, Ex. E, ECF No. 2-5.)[1] The language of that counter-notification tracks the language of 17 U.S.C. § 512(g), which allows a subscriber who owns allegedly infringing material to contest a copyright infringement accusation but requires a

---

[1] Ke Yi asserts that it may not have signed this counter-notification, as the copy of the counter-notification contains several question marks. (Def.'s Reply, ECF No. 15 at 1–3.) The court finds that this punctuation is likely a result of the transposition of Chinese characters to English and that, in any event, 17 U.S.C. § 512(g) requires effective counter-notifications to contain this statement of jurisdictional consent. See 17 U.S.C. § 512(g)(3)(D).

subscriber who wishes to do so to consent to jurisdiction in "any judicial district in which the service provider may be found[.]" 17 U.S.C. §512(g)(3)(D).

The Honorable David Barlow has recently considered a nearly identical question in a case also involving Bountiful Baby and a claim of alleged infringement from a foreign manufacturer. DP Creations, LLC v. Adolly.com, No. 2:22-cv-230, 2023 WL 5672170 (D. Utah Sept. 1, 2023). Judge Barlow held that, in order for a service provider to be found in a judicial district under the statute, "it is necessary that [the corporation] be doing business in such state through an officer or agent or by statutory authority in such manner as to render it liable then to suit and to constructive or substituted service of process." Id. at *3 (quoting Found, Black's Law Dictionary (6th ed. 1990)). Given Amazon's presence in Utah (including two distribution centers and around 5,000 employees), Bountiful Baby urges the court to rule that Amazon is found in Utah and that therefore Ke Yi has consented to jurisdiction under the terms of the counter-notification and the statute. But Judge Barlow, analyzing cases that have considered counter-notifications under § 512(g), found that these cases "without exception … involved defendants that had consented to jurisdiction in a given state because that state hosted the defendant's principal place of business or was the state of incorporation." Id. at *2 & n.25.[2] Because Amazon is incorporated in Delaware and has a principal place of business in Washington, Judge Barlow held that the plaintiff had not carried its burden to establish jurisdiction. Id. at *4.

That case is now on appeal to the Tenth Circuit. In the absence of a ruling from the Tenth Circuit to the contrary, this court finds Judge Barlow's reasoning persuasive. Ke Yi has

---

[2] The court is not persuaded by Bountiful Baby's suggestion at the hearing that Judge Barlow's ruling may have come out differently if he had received more evidence about Amazon's different corporate forms.

3

consented to jurisdiction in the United States in districts where Amazon is found, but these districts only include the districts where Amazon is incorporated or has its principal place of business.

The court therefore addresses whether it may nevertheless exercise jurisdiction over Ke Yi under Rule 4(k) of the Federal Rules of Civil Procedure. Rule 4(k) provides that,

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>     (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>     (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). Notably, the application of this rule requires a court to analyze a defendant's contacts "with the United States as a whole, not just the forum state …." Downrange Headquarters, LLC v. 2494924 Ontario Inc., No. 2:18-cv-924, 2019 WL 6255087, at *4 (D. Utah Nov. 22, 2019) (cleaned up). Applying this standard, Judge Barlow has found that Rule 4(k) may be used to exercise personal jurisdiction over a foreign defendant who purposefully avails itself of sales within the United States and who does not offer any other state where they are subject to jurisdiction. DP Creations, LLC v. Adolly.com, No. 2:22-cv-230, 2023 WL 3510749, at *7 (D. Utah May 17, 2023) ("[A defendant] cannot expect to avail itself of the benefits of the internet-created world market that it purposefully exploited and profited from without accepting the concomitant legal responsibilities that such an expanded market may bring with it." (cleaned up)).

But in its briefing, Ke Yi appears to concede that it is subject to jurisdiction in the judicial districts where Amazon is found—i.e., where Amazon is incorporated or has its principal place of business. (See Def.'s Reply, ECF No. 15 at 8 ("[Ke Yi] does not contend that they are not subject to the jurisdiction of any state ….").) And at the hearing held on the defendant's motion,

Ke Yi's counsel acknowledged that Amazon could be found in the Western District of Washington or Delaware. The court finds that these representations are sufficient to demonstrate that Ke Yi is subject to jurisdiction in another judicial district and that Rule 4(k) does not apply. The court therefore grants Ke Yi's motion to dismiss.

The dismissal of this action is without prejudice to the extent that Ke Yi continues to contest jurisdiction in a district where Amazon is found—or to the extent that the Tenth Circuit holds that Amazon may be found in the District of Utah as that term is used in a counter-notification containing language about a subscriber's consent to jurisdiction.

## ORDER

For the foregoing reasons, the Defendant's Motion to Dismiss (ECF No. 9) is GRANTED and this action is dismissed without prejudice for lack of personal jurisdiction.

SO ORDERED this 16th day of February, 2024.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge